The opinion of the Court was delivered by
Todd, J.
The defendant was indicted for murder, and upon conviction was sentenced to a life imprisonment in the penitentiary, in conformity to the verdict., and from this sentence has appealed.
The only question presented by the appeal is as to the correctness of the ruling of the lower court on the motion in arrest of judgment.
This motion was to the effect that the record showed that the Judge* had appointed a cleric to the grand jury, for the purpose of assisting them in their labors, and it was charged that such appointment was unauthorized by law, and constituted an irregularity so grave, and a defect of substance so radical, as to vitiate and stamp with illegality the proceedings of that body.
The motion Avas overruled, and Ave think improperly.
The entry on the minutes relating'to this point, is as folloAvs:
“ And the said grand jury being so duly impanelled and sworn, as aforesaid, were thereupon duly charged by the Court, and retired to enter upon their deliberations. The Court appointed R. Prosper Landry to act as clerk for the grand jury, at the request of the District Attorney.”
*671 It was by this grand jury that the indictment was found, under which the defendant was tried and convicted.
Section 2166, Revised Statutes, relating to the formation and organization of grand juries, provides that, “ the first fifteen jurors who shall answer to their names, shall, with said foreman, constitute the t/rand jit ry.n
This grand jury, thus composed of persons not exceeding sixteen, are sworn and charged by the Judge ; and the oath and charge are to insure diligent inquiry, entire fidelity, thorough deliberation, impartiality in their findings, and absolute secrecy in their proceedings and in the results of their labors.
Their duties are of a grave and delicate character and of the highest importance to society; and the grand jury is selected under the law, framed with a view to secure, in their selection, the discharge of those duties involving such grave responsibilities.
These duties, however, are to be discharged by this body of sixteen men, this grand jury, alone.
A person could not be appointed to act as clerk to the grand jury, except to do something or perform some service that should be done or performed by some member or members of that body, and which belonged to their exclusive functions, and were a part of the duties that the law imposed on them, and required to be discharged by them alone.
A clerk to the grand jury, possessed of the superior intelligence and fitness requisite for the performance of those acts and the rendering of those services and assistance, for which his appointment was made, it must be presumed, could exert a marked influence in the work and proceedings of that body, even where there might be no intentional effort on his part to shape or control their proceedings. But if he chose to avail himself of the opportunity afforded him, and exert the influence that his position, and perhaps superior advantages and acquirements would give him, we may readily see what an important factor lie would become in the labor's and findings of that body. Unrestrained by the sanction of the oath that each grand juror has taken, it is not to be supposed that he would possess that becoming sense of responsibility that would always afford a proper guide to his conduct and turn his influence in the right direction. Again, the clerk's attendance on the grand jury, and participation in their labors — virtually as one of themselves — with an opportunity to pry into their most secret proceedings, must greatly lessen the chances of secrecy, which the law strives to secure, and without which their work would be vain. It is idle to argue that such consequences could not, or did not result in this particular instance, and that there is testimony to show that the clerk was *672 not present at the secret deliberations of the jury. It is sufficient reply to this to say that such results might follow, and that there is no law to authorize the appointment in question. That the law, as it exists, imposes upon the grand jury and the members thereof, the performance of every act connected with, or growing out of, the discharge of their functions and sworn duties. That this law, and every law of this nature, prescribes general rules, and aims to secure by its terms and provisions, certain results, and it is not enough to say that an act or proceeding, about which the law is silent, or does not expressly prohibit, is not calculated, in a special case, to interfere with or affect the general object or the purpose of its enactment. Affirmative legal authority, in such cases, must be shown for the act done.
It is a question of great delicacy and of some embarrassment, how far even a District Attorney, or other sworn prosecuting officer for the State, can co-operate with, or assist by his advice or otherwise, a grand jury, whilst engaged in their deliberations or other duties. With regard to a clerk, though it has been held that the grand jury can appoint one from its own members, yet we find no instance under our system of criminal procedure, where a grand jury has ever been provided with such an assistant outside of their own body, and know of no law to warrant it. And in view of the manifest abuses to which the exercise of such authority on the part of a Judge might lead, in appointing such assistant, abuses which by reasonable inference, might seriously impair, if they did not destroy the very mode of prosecution under the grand jury system, by robbing it of its efficiency, it would require very strong authority to induce our sanction to that which we regard as a glaring innovation in our criminal practice.
We have been pointed to the fact by the District Attorney, that the ancient common law of England authorized the “ Clerk of Assizes,” or “ Clerk of the Peace,” to act as clerk to the grand jury, and it is urged that wo adopted this feature of criminal practice of the ancient law by the Act of 1805. While we do not concede the fact .suggested, even were it so, it is quite a different thing in a sworn officer of the law, legally charged with such duty, rendering such services to a grand jury, to similar services being discharged, not by an officer of the law, but by one wholly irresponsible, unsworn, and who derives his sole authority from a judicial appointment, made without warrant of any law on our Statute books.
The testimony of the witnesses, offered on the trial of this motion, was inadmissible. It related to the proceedings of the grand jury, testified to by one of its members. Even if the proceedings of a grand jury could, in any case, be invalidated or strengthened by such oral testimony, which we are not called on to decide, a motion in arrest *673 of judgment, must depend on and bo tried by the record itself. Under a settled jurisprudence on the subject, it lias become almost impossible to reach or inquire into irregularities or disorders attending the proceedings of that body, not a matter of record, with such secrecy and sanctity does the law clothe these proceedings. So much the greater necessity for courts to refuse their sanction to any measure or proceeding bearing on the composition of a grand jury, or calculated to affect the workings of such body, unless the same is expressly authorized by law.
Tlie irregularity complained of was of that character that could be taken advantage of by motion in arrest of judgment. “ Arrests of judgment arise from intrinsic causes appearing on the face of the record.” Blackstone.
Bishop says : “ It is plain that there is a class of cases in which, if objection to tlie grand jury appear of record, it can be taken advantage of after verdict, or on motion in arrest of judgment. An illustration of tills proposition occurs, where by the, record, the grand jury appears affirmatively not to have been a legal body.” Bishop Crim. Proc. v. I, p. 540.
The motion does not, in this instance, relato to mere irregularities in the drawing of the jury, or to the disqualification of one or more of its-members, which, it is insisted, must be otherwise objected to, but to a gross irregularity of substance, patent on tlie face of tlie record, and of so serious a nature as to affect the very composition of tlie grand jury, and to vitiate its proceedings.
It is, therefore, ordered adjudged and decreed, that tlie judgment and sentence appealed from be annulled, avoided and reversed ; that the indictment in question, and all proceedings thereunder, be quashed, and that the defendant bo held in custody to await tlie action of another grand jury, and until discharged in due course of law.
Levy, J., absent.